IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laquinces D. Davis, | C/A No. 0:09-3218-PMD-PJG |
| Petitioner, | |
| vs. | **ORDER** |
| Leroy Cartiledge, | |
| Respondent. | |

The petitioner, Laquinces D. Davis ("Davis"), filed this habeas corpus petition pursuant to 28 U.S.C. § 2244. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on Davis's motions for leave to conduct discovery and for an extension of time in which to respond to the respondent's amended motion for summary judgment. (Docket Entries 24, 25, 26, & 27.)

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of [her] discretion and for good cause shown grants leave to do so, but not otherwise." Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C. foll. § 2254. "Such 'good cause' will exist when 'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" Wolfe v. Johnson, 565 F.3d 140, 165 n.36 (4th Cir. 2009) (quoting Bracy, 520 U.S. at 908-09) (omissions in original).

In this case, Davis contends that discovery is necessary in order to "rebut" the respondent's motion for summary judgment. (Docket Entry 24 at 2.) In his discovery requests that are attached

to his motion, Davis seeks information from the respondent pertaining to the lockdown status of Unit F1(B) from the dates of October 1, 2009 through December 10, 2009. (Docket Entry 24-1.) Davis asserts in his response in opposition to the respondent's motion for summary judgment that his Unit's lockdown status prevented him from filing his federal habeas petition before his statutory deadline on November 25, 2009. (Docket Entry 28 at 2-3.) Davis argues that these discovery materials would "authenticate" his argument that he is entitled to equitable tolling. (Id. at 3.)

Following a review of the discovery sought by Davis, the court finds that Davis has shown reason to believe that the discovery he seeks may assist him in demonstrating that he may be entitled to equitable tolling. Therefore, Davis has shown "good cause" for discovery under Rule 6(a).

Accordingly, it is hereby

**ORDERED** that Davis's motion for leave to conduct discovery (Docket Entry 24) is granted; discovery, however, is limited to the issue of equitable tolling. The respondent shall serve responses no later than **August 10, 2010** to Davis's two questions contained in his motion as if they were interrogatories pursuant to Federal Rule of Civil Procedure 33. Davis's additional motions requesting discovery (Docket Entries 25 & 27) are hereby terminated as duplicative. Davis's motion for an extension of time is granted. (Docket Entry 26.) Davis shall file any supplemental response to the respondent's motion for summary judgment on or before **August 31, 2010**.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 21, 2010
Columbia, South Carolina