IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laquinces D. Davis, ) | C/A No. 0:09-3218-RMG-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Laquinces D. Davis ("Davis"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's amended motion for summary judgment. (ECF No. 20.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 22.) Davis filed a response in opposition to the respondent's motion. (ECF No. 28.) Having carefully considered the parties' submissions and the record in this case, the court finds that Davis's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Davis was indicted in September 2000 in York County for possession of marijuana (00-GS-46-3172), trafficking in crack cocaine (00-GS-46-3171), and failure to stop for a blue light (00-GS-46-3170). (App. at 247-50, ECF No. 15-2 at 113-16.) Davis was represented by Robert Maldonado, Esquire, and on December 12, 2000, was tried by a jury and found guilty as charged. (App. at 241, ECF No. 15-2 at 107.) The circuit court sentenced Davis to thirty years' imprisonment for

trafficking in crack cocaine (3rd offense), one years' imprisonment for possession of marijuana, and five years' imprisonment for failure to stop for a blue light, all sentences to be served concurrently. (App. at 245, ECF No. 15-2 at 111.)

Davis timely appealed his sentences and convictions for trafficking in crack cocaine and possession of marijuana and was represented by Daniel T. Stacey, Esquire, Chief Appellate Defender and Joseph L. Savitz, Esquire, Deputy Chief Appellate Defender, both of the South Carolina Office of Appellate Defense. On April 28, 2003, the South Carolina Court of Appeals affirmed Davis's convictions and sentences. (State v. Davis, Op. No. 3635 (Ct. App. April 28, 2003); App. at 272-82, ECF No. 15-3 at 22-32.) Davis filed a petition for rehearing which was denied by the South Carolina Court of Appeals. (Supp. App. at 4-5, ECF No. 15-4 at 6-7.) Davis then filed a petition for a writ of certiorari with the South Carolina Supreme Court. On September 23, 2004, the South Carolina Supreme Court issued a letter order denying Davis's petition. (Supp. App. at 2-3, ECF No. 15-4 at 4-5.) The remittitur was issued on September 29, 2004. (Supp. App at 1, ECF No. 15-4 at 3.)

Davis filed a *pro se* application for post-conviction relief on September 21, 2005 ("2005 PCR"). (Davis v. State of South Carolina, 05-CP-46-2421 App. at 283-301, ECF No. 15-3 at 33-50.) On August 14, 2007, the PCR court held an evidentiary hearing at which Davis was present and testified and was represented by Edward B. Davis, Esquire. (App. at 307-33, ECF No. 15-3 at 56-82.) By order dated October 19, 2007, the PCR judge denied Davis's PCR application. (App. at 334-41, ECF No. 15-3 at 83-90.)

Davis, through counsel Katherine H. Hudgins, Esquire, appealed the denial of his PCR appeal by filing a petition for a writ of certiorari on October 20, 2008. (ECF No. 15-5.) In a letter order dated August 6, 2009, the South Carolina Supreme Court denied Davis's petition for a writ of certiorari. (ECF No. 15-7.) The remittitur was issued August 24, 2009. (ECF No. 15-8.)

Davis filed the instant petition for a writ of habeas corpus on December 10, 2009. (ECF No. 1.) Davis was later granted leave by the court to amend his Petition. (Am. Pet., ECF No. 17.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a

petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Statute of Limitations**

The respondent argues that Davis's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Davis filed a direct appeal, his conviction became final ninety days after September 23, 2004, the date the South Carolina Supreme Court denied Davis's petition for a writ of certiorari.[1] Thus, his conviction became final on December 22, 2004. Accordingly, the limitations period began to run on December 23, 2004 and expired on December 22, 2005, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding

---

[1] Because Davis sought certiorari from the South Carolina Supreme Court, he is entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). Further, the time to seek certiorari runs from the date of the decision rather than the date of the remittitur. See U.S. Sup. Ct. R. 13.3.

that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Davis filed his state PCR application on September 21, 2005. At that point, 272 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until August 24, 2009, when the South Carolina Court of Appeals issued the remittitur from its order denying Davis's certiorari petition. At this time, Davis had 93 days of statutory time remaining, which means that Davis had until November 25, 2009 to file a timely federal habeas corpus petition.

Davis's federal Petition was filed on December 10, 2009. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Accordingly, Davis filed his federal habeas Petition after the expiration of the one-year limitations period under § 2244(d)(1)(A).

**C.     Davis's Arguments**

In response to the respondent's argument that his federal Petition was untimely filed, Davis filed a motion requesting discovery to show that his unit was on lockdown twice on or before October 1, 2009 through December 10, 2009. (ECF No. 24-1 at 1.) In his response in opposition, Davis asserted that his unit's lockdown status prevented him from filing his federal habeas petition before his statutory deadline on November 25, 2009 and argued that these discovery materials would "authenticate" his argument that he is entitled to equitable tolling. (ECF No. 28 at 2-3.) The court issued an order on July 21, 2010 granting Davis's motion to conduct discovery. (ECF No. 31.)

The respondent's answers to Davis's interrogatories show that McCormick Correctional Institution was on lockdown from November 20, 2009 until December 1, 2009.[2] (ECF No. 34 at 1.) The respondent further states that during any lockdown of four days or longer, mail room employees would have delivered to and picked up from Davis any legal mail. (Id.) Finally, the respondent states that Davis would have been provided any materials necessary for filing legal materials—including paper, pens, or legal materials—if he had requested them. (Id. at 2.)

In Davis's response in opposition to the respondent's amended motion for summary judgment, Davis argues that during the lockdown that began on November 20, 2009, he requested paper, manilla envelopes, and pens, but that this request was not filled before his November 25, 2009 statutory deadline. (ECF No. 37 at 2.) He argues that because "it usually takes about a[] week to receive requested materials," it was "impossible for petitioner to have received those materials before his deadline." (Id.) Liberally construed, Davis appears to argue that his deadline should be equitably tolled.

To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Davis must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two

---

[2] Davis filed a document entitled "Supplemental Response to Respondent[']s Discovery Response" in which he argues that the interrogatory responses are "hearsay on top of hearsay as Respondents have not submitted a[] sworn affidavit from the Warden to substantiate Respondent[']s position" and should therefore be dismissed. (ECF No. 40 at 2.) However, the court notes that the interrogatory responses appear to comply with the requirements of Federal Rule of Civil Procedure 33(b)(1)(B). See also 8B Charles Alan Wright et al., Federal Practice & Procedure § 2172 at 56-57 (3d ed. 2010). The court considers these responses in accordance with Rule 33(c) and Rule 56(c)(1)(A) (as amended December 1, 2010).

elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Davis's arguments do not constitute the type of extraordinary circumstances justifying equitable tolling. See Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (observing that prison conditions, such as lockdowns or misplacement of legal papers, are not normally grounds for equitable tolling) (citing Akins v. United States, 204 F.3d 1086 (11th Cir. 2000)); see also Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original). Moreover, Davis's Petition was filed over three months after the conclusion of his PCR proceedings. Additionally, Davis has provided no evidence or even argument refuting the respondent's showing that Davis's lockdown ended December 1, 2009 or any argument as to why Davis's Petition was not filed until over a week later on December 10, 2009. See Rule 56(c)(1).

Accordingly, this court cannot say that Davis has been pursuing his rights diligently. See Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."); Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court).

## RECOMMENDATION

Based upon the foregoing, the court finds that Davis's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's amended motion for summary judgment (ECF No. 20) be granted and that Davis's motion for immediate release (ECF No. 38) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 12, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).