IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laquinces D Davis, | ) |
| Petitioner, | ) Case No. 0:09-cv-03218-RMG |
| v. | ) ORDER |
| Leroy Cartiledge, | ) |
| Respondent. | ) |

This is a *pro se* action brought by Laquinces D. Davis ("Petitioner" or "Davis"), a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. The Magistrate Judge issued a Report and Recommendation (Dkt. No. 42) on January 13, 2011, recommending that Respondent's Amended Motion for Summary Judgment (Dkt. No. 20) be granted and that Petitioner's Motion for Immediate Release (Dkt. No. 38) be denied. Petitioner filed objections to the Report and Recommendation (Entry 49) on February 4, 2011. As explained herein, this Court declines to adopt the Report and Recommendation, denies the Respondent's Motion for Summary Judgment without prejudice, and denies Petitioner's Motion for Immediate Release.

## LAW/ ANALYSIS

The Magistrate Judge makes only a recommendation. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. Matthew v. Weber, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(B)(1). This court may also "receive further evidence or commit the matter to the magistrate with instructions." Id. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F. 2d 198 (4th Cir. 1983).

This Petition arises out of a December 12, 2000 conviction of Petitioner in York County for possession of marijuana, trafficking in crack cocaine, and failure to stop for a blue light. After being tried and convicted by a jury, Petitioner was sentenced to thirty years' imprisonment for trafficking in crack cocaine, one year imprisonment for possession of marijuana, and five years' imprisonment for failure to stop for a blue light, all to be served concurrently. Davis appealed his sentences and convictions for trafficking in crack cocaine and possession of marijuana, being represented by Daniel T. Stacey, Esquire, and Joseph L. Savitz, Esquire, both of the South Carolina Office of Appellate Defense. The Court of Appeals of South Carolina affirmed his convictions in a published opinion. See State v. Davis, 354 S.C. 348, 580 S.E.2d 778 (Ct. App. 2003). Davis filed a petition for rehearing with the Court of Appeals, but this petition was denied. Davis subsequently filed a petition for a writ of certiorari with the South Carolina Supreme Court, and on September 23, 2004, the South Carolina Supreme Court denied Davis' petition. The remittitur was issued on September 29, 2004.

On September 21, 2005, Petitioner filed a *pro se* application for post-conviction relief. The PCR court held an evidentiary hearing on August 14, 2007, at which Davis was present, testified, and was represented by Edward B. Davis, Esquire. The PCR judge denied Davis' PCR

application by order dated October 19, 2007. Davis, through counsel Katherine H. Hudgins, Esquire, appealed the denial of his PCR application by filing a petition for a writ of certiorari on October 20, 2008. In a letter dated August 6, 2009, the South Carolina Supreme Court denied Davis' petition for writ of certiorari, and the remittitur was issued August 24, 2009.

Davis filed the instant petition pursuant to § 2254 on December 10, 2009, and he was later granted leave to amend his petition. (Dkt. No. 1; Dkt. No. 17.) Respondent filed an Amended Motion for Summary Judgment on April 29, 2010. (Dkt. No. 20.) Petitioner filed a Response in Opposition, in which he acknowledged the Respondent's defense of the AEDPA statute of limitations and claimed that he had been diligently seeking the materials "needed to rebut Respondent's allegations" in this regard by a motion for discovery. (Dkt. No. 28.) Davis asserted he was incarcerated at McCormick Correctional Institution from October 1, 2009, until December 10, 2009, and that during that time, his unit was locked down for substantial periods of time such that he "did not have access to the mailroom, nor to simple necessities like pens and paper that ha[ve] to be purchased . . . to prepare brief[s], nor access to the law library to rules and procedure of filing." (Dkt. No. 28.) Davis also filed a Motion for Discovery. (Dkt. No. 27.)

On July 21, 2010, Magistrate Judge Gossett entered an Order granting Davis' Motion for Discovery but limited discovery to the issue of equitable tolling. (Dkt. No. 31.) In her Order she noted that "Davis asserts . . . that his Unit's lockdown status prevented him from filing his federal habeas petition before the statutory deadline on November 25, 2009." (Dkt. No. 31 at 2.) Magistrate Judge Gossett ordered Respondent to serve responses to the following two questions "as if they were interrogatories pursuant to Federal Rule of Civil Procedure 33":

> 1. An affidavit or statement of any and everytime from the dates of around or about October 1, 2009 until or throughout December 10, 2009 that Unit F1(B) was locked down for security or any other reason that prevented movement, from Respondent Leroy Cartiledge at McCormick Correctional Institute 386 Redemption Way McCormick SC 29899. (Basic reason for lockdowns listed is also requested.)
>
> 2. An affidavit or statement of the assigned living quarters of Laquinces D. Davis #271815 from the dates of around or about October 1, 2009 until or throughout December 10, 2009, from Respondent Leroy Cartiledge at McCormick Correctional Institute 386 Redemption Way McCormick SC 29899. (See Harris v. Nelson, 89 S.Ct. 1082 (1969 in support of this Request for the above documents.)

(See Dkt. No. 24; see also Dkt. No. 31.)

On August 10, 2010, Respondent filed a Response to Petitioner's Discovery Request, wherein Respondent determined that McCormick Correctional Institution was on lock down from November 20, 2009 until December 1, 2009 "due to security reasons with the institutions' cell windows." (Dkt. No. 34.) This response indicates the "institution was locked down for thirteen (13) days . . . ." (Dkt. No. 34.) The response further states,

> Respondent's attorney spoke with Warden Cartiledge this date by phone and was informed that if there would have been a lock down for any significant period of time, of four (4) days or more, such as there was in this case, the person from the mail room would have gone to Petitioner's cell to pick up any mail Petitioner needed to mail for legal filings and would have delivered any legal mail to Petitioner. Warden Cartiledge also informed Respondent's attorney in this conversation, that if Petitioner had requested paper or pen during this time period for filing legal materials or papers, they would have been provided to Petitioner. According to Warden Cartiledge, if Petitioner was indigent such materials would have been provided to Petitioner free of charge. If Petitioner was not indigent, then the cost of the materials would have been deducted from Petitioner's account. Warden Cartiledge also stated in this phone conversation that if Petitioner had requested legal materials such as law books, they would have been provided to him as well if he had requested them in writing.

(Dkt. No. 34.)

As noted above, Magistrate Judge Gossett issued a Report and Recommendation (Dkt. No. 42) on January 13, 2011, recommending that Respondent's Amended Motion for Summary Judgment (Dkt. No. 20) be granted and that Petitioner's Motion for Immediate Release (Dkt. No. 38) be denied. She noted that Petitioner's deadline for filing his federal habeas petition was November 25, 2009, and that Respondent's answers to Petitioner's interrogatories indicated that McCormick Correctional Institution was on lockdown from November 20, 2009, until December 1, 2009. (See Dkt. No. 42 at 5-6.) Davis' petition was thus due during the period of lockdown. He filed his § 2254 petition on December 10, 2009. Magistrate Judge Gossett recommended granting Respondent's Motion for Summary Judgment on the grounds that the petition was untimely and that Petitioner was not entitled to equitable tolling because "Davis's arguments do not constitute the type of extraordinary circumstances justifying equitable tolling." (Dkt. No. 42 at 7.)

Petitioner objects to this recommendation, asserting he is entitled to equitable tolling. (Dkt. No. 49.) Davis asserts he "made a[] showing that the circumstances Petitioner were [sic] subjected to could not be foreseen, were beyond Petitioner's control and external to Petitioner's conduct, circumstances which constituted an impediment to the filing of the petition before the AEDPA's clock had run." (Objections at 3-4.) Petitioner contends that he was "physically bound to his cell without . . . knowing why or when the lockdown would come to an end. The mailroom was closed and Petitioner did not receive to [sic] essential materials requested." (Id. at 4.) Davis asserts that but for the lockdown, he would have been able to file his petition on time. (Id.)

Although the circumstances are limited, the AEDPA statute of limitations is subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling is

appropriate "when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001)). Under the "extraordinary circumstances" test, a petitioner is entitled to equitable tolling "only if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id.

Generally speaking, "prison conditions, such as lockdowns or misplacement of legal papers," are not grounds for equitable tolling. Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (citing Akins v. United States, 204 F.3d 1086 (11th Cir. 2000)). In Akins, for example, the AEDPA deadline was April 23, 1997, and Akins filed his § 2255 petition–at the earliest–on September 28, 1997. Akins, 204 F.3d at 1088-89. As grounds for equitable tolling, Akins argued, *inter alia*, that "lockdowns, occurring in October of 1996 until late March of 1997, and again from April 2, 1997, until April 28, 1997" prevented him from timely filing his § 2255 motion. Id. at 1089. The Eleventh Circuit declined to equitably toll the statute of limitations, stating,

> According to the record, defendant had over five (5) years to obtain the necessary transcript, research the legal issues forming the basis for his § 2255 motion, and to prepare and file his motion. While for a portion of that time he was in lockdown, he had over four years before Congress adopted the AEDPA one-year period of limitation, at least seven months after he obtained the sentencing hearing transcript, and at least six months after the effective date of the AEDPA. No explanation is given as to why he could not have prepared and filed his motion before October, 1996.
>
> On the basis of this record, we find that Akins failed to demonstrate that the untimely filing of his motion was due to extraordinary circumstances that were both beyond his control and unavoidable even with diligence.

Id. at 1089-90.

The Court concludes this case is distinguishable from Akins–Davis did not have several years prior to the adoption of the AEDPA to prepare, and Davis specifically contends that the mailroom was closed and that he did not receive the "essential" materials he requested. (See generally Objections.) Also unlike Akins, Davis did not wait over five months after expiration of the AEDPA deadline to file–he filed fifteen days after the deadline and nine days–according to Respondent's answers to interrogatories–after the lockdown was over. While Respondent asserts the policy in the event of a lockdown of four days or more would be to have the person from the mail room go to Petitioner's cell to pick up any mail, Davis asserts the mail room was closed. In light of the record before it, this Court concludes there is a genuine issue of material fact as to whether Davis is entitled to equitable tolling.

Because the Magistrate Judge addressed only the statute of limitations in her R&R, and because this Court concludes there is a genuine issue of material fact regarding equitable tolling, Respondent's Motion for Summary Judgment is denied without prejudice. For this same reason, Davis' Motion for Immediate Release is also denied. Should Respondent wish the Court to consider arguments in addition to those addressed in the R&R (Dkt. No. 42), Respondent is free to file another motion for summary judgment.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Respondent's Amended Motion for Summary Judgment (Dkt. No. 20) is **DENIED** without prejudice. Petitioner's Motion for Immediate Release (Dkt. No. 38) is **DENIED**.

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United States District Judge

Charleston, South Carolina
February 8, 2011