IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laquinces D. Davis, ) | C/A No. 0:09-3218-RMG-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Laquinces D. Davis ("Davis"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment filed April 1, 2011. (ECF No. 57.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 59.) Davis filed a response in opposition to the respondent's motion, which he later amended. (ECF Nos. 63 & 77.) In addition, Davis filed three cross motions for summary judgment.[1] (ECF Nos. 66, 70, & 71.) Having carefully considered the parties' submissions and the record in this case, the court finds that the respondent's motion should be granted and Davis's motions denied.

---

[1] The court observes that all of these motions were filed over three months after the deadline for filing dispositive motions and almost two months after Davis's response in opposition to the respondent's motion for summary judgment was due. Therefore, these motions are not properly before the court. However, even considering the arguments presented in these motions, they do not change the court's determination that Davis is not entitled to habeas corpus relief. Moreover, the arguments presented in these motions appear to be almost identical to the arguments presented in his response in opposition to the respondent's motion for summary judgment.

## BACKGROUND

Davis was indicted in September 2000 in York County for possession of marijuana (00-GS-46-3172), trafficking in crack cocaine (00-GS-46-3171), and failure to stop for a blue light (00-GS-46-3170). (App. at 247-50, ECF No. 15-2 at 113-16.) Davis was represented by Robert Maldonado, Esquire, and Michael Hitchcock, Esquire, and on December 12, 2000, was tried by a jury and found guilty as charged. (App. at 241, ECF No. 15-2 at 107.) The circuit court sentenced Davis to thirty years' imprisonment for trafficking in crack cocaine (third offense), one year's imprisonment for possession of marijuana, and five years' imprisonment for failure to stop for a blue light, all sentences to be served concurrently. (App. at 245, ECF No. 15-2 at 111.)

Davis timely appealed his sentences and convictions for trafficking in crack cocaine and possession of marijuana[2] and was represented by Daniel T. Stacey, Esquire, Chief Appellate Defender and Joseph L. Savitz, Esquire, Deputy Chief Appellate Defender, both of the South Carolina Office of Appellate Defense, who raised the following issue:

> Whether the court erred when it overruled the appellant's motion to suppress the fruits of a search, since the magistrate who issued the warrant did not have probable cause to find the drugs and paraphernalia were in the Ramada Inn room from which they were seized?

(Supp. App. at 9, ECF No. 15-4 at 11.) On April 28, 2003, the South Carolina Court of Appeals affirmed Davis's convictions and sentences. State v. Davis, 580 S.E.2d 778 (S.C. Ct. App. 2003); (App. at 272-82, ECF No. 15-3 at 22-32.) Davis filed a petition for rehearing, which was denied. (Supp. App. at 4-5, ECF No. 15-4 at 6-7.) Davis then filed a petition for a writ of certiorari with the South Carolina Supreme Court. On September 23, 2004, the South Carolina Supreme Court issued

---

[2] Davis did not appeal his conviction and sentence for failure to stop for a blue light.



a letter order denying Davis's petition. (Supp. App. at 2-3, ECF No. 15-4 at 4-5.) The remittitur was issued on September 29, 2004. (Supp. App at 1, ECF No. 15-4 at 3.)

Davis filed a *pro se* application for post-conviction relief on September 21, 2005 ("2005 PCR") raising claims of ineffective assistance of counsel. (Davis v. State of South Carolina, 05-CP-46-2421 App. at 283-301, ECF No. 15-3 at 33-50.) On August 14, 2007, the PCR court held an evidentiary hearing at which Davis was present and testified and was represented by Edward B. Davis, Esquire. (App. at 307-33, ECF No. 15-3 at 56-82.) By order dated October 19, 2007, the PCR judge denied Davis's PCR application. (App. at 334-41, ECF No. 15-3 at 83-90.)

Davis, through counsel Katherine H. Hudgins, Esquire, appealed the denial of his PCR appeal by filing a petition for a writ of certiorari on October 20, 2008 in which he presented the following issues:

> 1. Did the PCR judge err in refusing to find counsel ineffective for failing to challenge the search warrant based on the fact that the affiant recklessly provided the magistrate issuing the warrant with false information that petitioner had prior convictions for selling crack?
>
> 2. Did the PCR judge err in refusing to find counsel ineffective for failing to challenge the search warrant based on the fact that the affiant recklessly omitted exculpatory information that petitioner did not possess crack when stopped by law enforcement which contradicted information provided to law enforcement by an anonymous source and formed part of the basis for the search warrant?

(ECF No. 15-5 at 2.) In a letter order dated August 6, 2009, the South Carolina Supreme Court denied Davis's petition for a writ of certiorari. (ECF No. 15-7.) The remittitur was issued August 24, 2009. (ECF No. 15-8.)

## FEDERAL HABEAS ISSUES

Davis filed the instant petition for a writ of habeas corpus on December 10, 2009. (ECF No. 1.) Davis was later granted leave by the court to amend his Petition. (Am. Pet., ECF No. 17.)

Davis's filings appear to raise the following issues:[3]

1. Was Petitioner denied his constitutional right to effective assistance of counsel by trial counsel not p[re]serving in memorandum for suppression the fact that no drugs were found in petitioners' possession at the time of arrest and did this omission constitute exculpatory information that was intentionally or recklessly withheld from the magistrate rending the search warrant defective?

2. Was Petitioner denied his constitutional right to effective assistance of counsel by trial counsel not p[re]serving in memorandum for suppression the fact that affiant included false information concerning petitioners' prior record that was intentionally or recklessly presented to the magistrate, rendering the search warrant defective?

3. Was Petitioner denied his constitutional right to effective assistance of counsel by trial counsel not objecting to testimony of a[] state witness that was perjurious and inconsist[e]nt concerning a[] false oral supplementation that misle[]d the magistrate and did this false testimony of affiant constitute material evidence that would render the search warrant defective?

(ECF No. 17 at 3-4.)

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary

---

[3] The court observes that the respondent appears to have addressed Davis's first and second question as Ground One and Davis's third question as Ground Three. The respondent has also addressed Davis's second question as a freestanding claim, in addition to a claim of ineffective assistance of counsel, and addressed it as Ground Two. Upon review of Davis's filings, it does not appear that he intended to raise this issue as a freestanding claim.



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was



based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a

PJG

" 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks & citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Respondent's Motion for Summary Judgment**

    **1.     Procedural Bar**

The respondents argues that Davis's allegations that trial counsel was ineffective in failing to object to testimony of a state witness and in failing to properly prepare for trial is procedurally barred as this issue was not presented to the South Carolina appellate court in Davis's PCR appeal. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).  Therefore, this issue is procedurally barred unless Davis can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; see also Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").

Davis appears to contend that this ground was not properly exhausted due to PCR appellate counsel's failure to include this ground on appeal.  However, this allegation is insufficient to demonstrate cause.  "[T]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman, 501 U.S. at 752.  Accordingly, there can be no right to effective assistance of counsel where there is no constitutional right to counsel. Wainright v. Torna, 455 U.S. 586 (1982).  Since there is no right to effective assistance of counsel in state PCR proceedings, ineffective assistance of PCR appellate counsel cannot serve as cause for Davis's default. Coleman, 501 U.S. at 753-55; see also Sidebottom v. Delo, 46 F.3d 744, 751 (8th Cir. 1995) (stating that the failure of a petitioner's PCR counsel to preserve grounds for appeal cannot constitute cause);

Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992) ("Ineffectiveness of counsel does not provide sufficient cause to excuse procedural default when counsel is not constitutionally mandated."). Accordingly, the court cannot excuse Davis's procedural default and concludes that this ground is procedurally barred.

Further, the respondent argues that to the extent Davis is raising a freestanding claim that the search warrant was defective because the affidavit contained false information that was intentionally or recklessly presented to the magistrate, such a claim is procedurally barred. As noted above, it does not appear to the court from Davis's filing that he is attempting to raise such a freestanding claim, absent a claim of ineffective assistance of counsel. However, to the extent that Davis's Amended Petition includes such a claim, the court finds that it is procedurally barred for the reasons discussed in the respondent's memorandum in support of summary judgment, which includes the arguments that the claim is not cognizable as a claim for federal habeas corpus review and, alternatively, that the claim was found to be procedurally defaulted under independent and adequate state procedural rules by the South Carolina Court of Appeals. (Respt.'s Am. Ret. & Mem. Supp. Summ. J. at 16-17, ECF No. 58 at 16-17.)

### 2. Ineffective Assistance of Trial Counsel

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The United States Supreme Court has recently cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. 770, 788 (2010). The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

Davis's preserved allegations of ineffective assistance of counsel allege that trial counsel was ineffective in failing to challenge the search warrant based on the fact that (1) the affiant intentionally or recklessly withheld exculpatory information that Davis did not possess any drugs when he was apprehended by the police and (2) the affiant intentionally or recklessly included false information concerning Davis's prior record. The affidavit at issue stated the following:

> Attachment #1     Ramada Inn 911 Riverview Rd. Room 227 Rock Hill, S.C.
> The affiant, a sworn police officer with the York County Multijurisdictional Drug Enforcement Unit, with over 20 years of narcotic experience, states the following facts to support probable cause to search the premises listed within.
> On July 13, 2000, Officer Brian Evans of the York County Multijurisdictional Drug Enforcement Unit received information that "Q" was selling crack in the Green St. area of Rock Hill. The source stated that "Q" was in an old ice blue or ice black Chevrolet and gave officer Evans the vehicle's license number. The source stated that "Q" does not have a driver's license. The tag came back to Rosa Hinton, which is the mother of Quincy Davis. Also the printout indicated the tag was suspended. Officers have personal knowledge that Quincy Davis is known as "Q" and has convictions for selling crack. Officer Evans was unable to locate the vehicle.
> On July 13, 2000, Officer Evans received a second call that "Q" was back on Green St. in a yard and selling crack. Officer Evans responded and was unable to locate Davis.
> On July 14, 2000, Officer Evans received a call from the same source that "Q" was leaving the Ramada Inn in Rock Hill going to Green St. and that "Q" had



>crack to sell. Officer Evans went to the area and observed the vehicle on Lucky Ln. traveling towards Whitgreen St. towards Green St. Officer Evans attempted a traffic stop and the vehicle accelerated failing to stop for the police blue light. The vehicle drove in a reckless manner speeding and failed to stop for stop signs. The driver then jumped from the vehicle while moving and the vehicle struck two parked vehicles. The driver fled on foot and was caught a short distance away and identified as Quincy Davis. Search incident to arrest revealed a Ramada Inn Motel Key Card in Davis' pant's pocket. Davis stated that he spent the night in the Ramada Inn in Orangeburg and kept the motel key. Officers of the DEU went to the Ramada Inn on Riverview Rd. in Rock Hill and the key matched a room registered to Davis. Davis was asked to sign a consent form to search the room and Davis denied completely and fully that he has a motel room in Rock Hill. Davis was asked 3 times and each time he denied having a room. Davis refused to sign the consent stating that it is not his room. Davis stated that he ran because he had smoked marijuana. Record check revealed in fact that Davis has been convicted of selling crack in the past and narcotic officers of the DEU have received information from sources recently that Quincy Davis is selling crack in the Rock Hill area.
>
>Based on past narcotic investigations it is common that drug dealers secrete contraband and proceeds of drug sales in motel rooms.

(App. at 254, ECF No. 15-3 at 4); see also State v. Davis, 580 S.E.2d 778, 779-81 (S.C. Ct. App. 2003.

In rejecting Davis's claims, the PCR court found that if the false information concerning Davis's criminal record were removed,[4] "the affidavit's remaining content and the facts presented to the judge are sufficient to establish probable cause." (App. at 339, ECF No. 15-3 at 88.) Specifically, the PCR court observed that "[t]he affidavit included a source stating the location of the Applicant, the model of his car, his license plate number, and that he was selling drugs." (App. at 338, ECF No. 15-3 at 87.) The PCR court stated that officers discovered after an investigation that the vehicle's tag was suspended and noted that when the police attempted to stop Davis for driving with a suspended tag, he did not stop and fled from the police. Additionally, after Davis was

---

[4] The court observes that the affidavit referenced prior convictions for selling crack, whereas the parties agree that Davis's prior convictions were for possession of cocaine and possession of marijuana.



arrested, a key to a hotel room was found during the search incident to the arrest of Davis's person and Davis admitted to smoking marijuana. (Id.) The PCR court found that Davis's testimony was not credible and trial counsel's testimony was credible. The PCR court also found that Davis failed to satisfy the Strickland test. Specifically, the court found that Davis failed to demonstrate that trial counsel was deficient or, that if trial counsel were deficient that Davis was prejudiced by trial counsel's performance. (App. at 339, ECF No. 15-3 at 88.)

Upon thorough review of the parties' briefs and the record in this matter, the court finds that Davis cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting these claims or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). Moreover, Davis has not clearly shown that the PCR court's credibility determinations were without support. See Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear.").

In addition to the facts pointed out by the PCR court supporting probable cause for the search warrant, the court observes that following Davis's claim that the motel key card belonged to a motel in another city, the police verified through an independent investigation that the key card belonged to the room that was the subject of the search warrant, which was registered in Davis's name. With regard to Davis's contention that trial counsel should have objected to the fact that the affidavit did not specifically state that Davis did not have drugs on him when he was arrested, there is nothing in the affidavit that would lead one to believe that drugs were found during his arrest. Moreover, the

magistrate confirmed during the suppression hearing that no such information was in the affidavit.[5] (App. at 15-16, ECF No. 15-1 at 20-21.)

As an initial matter, the determination of whether probable cause exists is reviewed under the totality of the circumstances.  Illinois v. Gates, 462 U.S. 213, 239 (1983).  "An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause."  Id. The magistrate reviewing the warrant application is required "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."  Id. at 238.  Additionally, the affidavit supporting a search warrant is presumed to be valid. Franks v. Delaware, 438 U.S. 154, 171 (1978).  To overcome this presumption, Franks provides a two-part test for challenging the affidavit's veracity to determine whether alleged misstatements in an affidavit render a search warrant invalid:  (1) an affiant knowingly, intentionally, or with a reckless disregard for the truth, provided a false statement; and (2) this false information was necessary to establish probable cause.  Simmons v. Poe, 47 F.3d 1370, 1383 (4th Cir. 1995).  The PCR court specifically found that even without the allegedly false information there was sufficient probable cause to support the search.  While Davis may dispute some of Officer Brown's other statements in the affidavit and disputes the credibility of the source referenced in the affidavit, the court finds that the PCR court's findings are well within the range of reasonableness.  Further, Davis has failed to demonstrate that the PCR court's determination was an unreasonable misapplication of clearly established federal law.  See, e.g., id.; Gates, 462 U.S. at 238 (adopting the "totality of the

---

[5] Davis's reliance on the magistrate's testimony that indicates that the magistrate does not recall anyone specifically telling him that no crack was found in the vehicle or on Davis's person does not undermine the PCR court's determination.



circumstances" test for determining whether a warrant is supported by probable cause and holding that the "veracity" and "basis of knowledge" of persons supplying the information should be considered); United States v. Harris, 403 U.S. 573, 583 (1971) (stating that "a policeman's knowledge of a suspect's reputation is [] 'a practical consideration of everyday life' upon which an officer (or a magistrate) may properly rely in assessing the reliability of an informant's tip"). Accordingly, the court finds that Davis has failed to demonstrate that the PCR court unreasonably misapplied clearly established federal law in determining that counsel was not ineffective and that Davis is not entitled to habeas relief. See Strickland, 466 U.S. at 687.; see also Harrington, 131 S. Ct. at 788.

## RECOMMENDATION

Based upon the foregoing, the court recommends that the respondent's motion for summary judgment (ECF No. 57) be granted and that Davis's motions for summary judgment (ECF Nos. 66, 70, & 71) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 2, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).