IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laquinces D. Davis,<br>　　　　　Petitioner,<br><br>vs.<br><br>Leroy Cartledge,<br>　　　　　Respondent. | C/A No. 0:09-cv-3218-RMG<br><br>**ORDER** |

　　　　In this *pro se* action Laquinces D. Davis ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and the Local Rules. The Magistrate has issued a Report and Recommendation that Respondent's motion for summary judgment should be granted. (Dkt. No. 79). Petitioner has filed objections. (Dkt. No. 86). As explained herein, this Court adopts the Report and Recommendation and grants Respondent's motion for summary judgment.

## LAW/ANALYSIS

　　　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."

1

*Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court has conducted a *de novo* review of the Record[1], and having done so, finds that Respondent's motion for summary judgment should be granted. Respondent filed a motion for summary judgment to which Petitioner filed a response, an amended response, and cross motions for summary judgment. (Dkt. Nos. 63, 66, 70, 71 and 77). These motions were not timely filed and are thus not properly before this Court.[2] Nonetheless, even considering the arguments contained in Petitioner's untimely motions, this Court finds that Petitioner is not entitled to habeas relief. Petitioner alleges that he was denied his constitutional right to effective assistance of counsel and raises the following three claims:

1. Was Petitioner denied his constitutional right to effective assistance of counsel by trial counsel not p[re]serving in memorandum for suppression the fact that no drugs were found in petitioners' possession at the time of arrest and did this omission constitute exculpatory information that was intentionally or recklessly withheld from the magistrate rend[er]ing the search warrant defective?

2. Was Petitioner denied his constitutional right to effective assistance of counsel by trial counsel not p[re]serving in memorandum for suppression the fact that affiant included false information concerning petitioners' prior record that was intentionally or recklessly presented to the magistrate, rendering the search warrant defective?

3. Was Petitioner denied his constitutional right to effective assistance of

---

[1] Perhaps there was some confusion about Petitioner's sentence and thus the Court notes that based on the record, Petitioner was sentenced to thirty years' imprisonment for trafficking in crack cocaine, third offense, one years' imprisonment for possession of marijuana (indicted as more than first offense), to run concurrently, and five years' imprisonment for failure to stop for a blue light, also to run concurrently. (Dkt. No. 15-2 at 108, 111, 114).

[2] As the Magistrate Judge notes, all of these motions were filed over three months after the deadline for filing dispositive motions and almost two months after Petitioner's response in opposition to Respondent's motion for summary judgment was due. While these motions are not therefore properly before the Court, the arguments presented appear to be almost identical to the arguments presented in Petitioner's response in opposition to Respondent's motion for summary judgment and do not change the Court's determination.

counsel by trial counsel not objecting to testimony of a[] state witness that was perjurious and inconsist[e]nt concerning a[] false oral supplementation that misle[]d the magistrate and did this false testimony of affiant constitute material evidence that would render the search warrant defective?

(Dkt No. 17 at 3-4).

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254 (d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Pursuant to 28 U.S.C. § 2254(d), Petitioner's application cannot be granted unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Further, ". . . a determination of a factual issue made by a State court shall be presumed to be correct" and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody may attack the validity of his conviction through direct appeal and by filing an application for post-conviction relief ("PCR"). *See*, S.C. Code Ann. § 17-27-90; *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *In re Exhaustion of State Remedies in Criminal and Post-Conviction*

3

*Relief Cases*, 471 S.E.2d 454, 454 (1990)(holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). The Fourth Circuit has held that claims that are not presented to the South Carolina Supreme Court on appeal from the denial of a PCR application are procedurally barred from federal habeas court review, "absent cause and prejudice or a fundamental miscarriage of justice." *See Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004).

Petitioner's third claim is procedurally barred because it was not presented to the South Carolina appellate court in Petitioner's PCR appeal. In *Coleman v. Thompson*, the Supreme Court held "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding."). If petitioner can demonstrate cause for the default, he must then demonstrate that he has suffered actual prejudice, requiring a showing of more than "a possibility of prejudice, but . . . actual and substantive disadvantage, infecting [the] entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). The petitioner, even in the face of an unexcused procedural default, may still obtain relief on collateral review where he can establish "actual

4

innocence", which means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S 614, 623-24 (1998).

Petitioner attempts to demonstrate cause for improper exhaustion by stating that his appellate counsel failed to include this ground in his appeal. Because representation in post-conviction relief proceedings is not a constitutional right there is also no right to effective assistance of counsel in such proceedings, thus this defense is insufficient to demonstrate cause for failure to properly exhaust this claim. *Coleman*, 501 U.S. at 752; *Longworth v. Ozmint*, 377 F.3d 437, 448 n. 2 (4th Cir. 2004). Further, Petitioner has not shown that he is actually innocent of the charges before the Court. Without being able to show cause and prejudice or actual innocence, Petitioner has procedurally defaulted on his third claim. This Court therefore finds that Petitioner's third claim of ineffective assistance of counsel is procedurally barred.

Moreover, Respondent has recognized a second claim as part of Petitioner's second question – that the search warrant was defective because the affidavit contained false information that was intentionally or recklessly presented to the magistrate. This Court did not interpret Petitioner's filings to raise this issue as a freestanding claim. Nonetheless, Respondent correctly argues that this potentially separate claim would also be procedurally barred because it is not a cognizable claim for federal habeas corpus review, or alternatively it would be procedurally defaulted under state procedural rules. (Dkt. No. 58 at 16-17). The South Carolina Court of Appeals concluded that those arguments were not preserved for review and thus they are not properly before this Court. (Dkt. No. 15-3 at 30).

In Petitioner's remaining two claims he contends that counsel provided ineffective assistance by failing to challenge the search warrant based on the fact that (1) the affiant

5

intentionally or recklessly withheld exculpatory information that Petitioner did not possess any drugs when he was apprehended by the police and (2) the affiant intentionally or recklessly included false information concerning Petitioner's prior record. In order to bring a successful claim of ineffective assistance of counsel a petitioner must demonstrate that (1) his counsel was deficient in his representation; and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668 (1984). To satisfy the first prong of *Strickland*, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Upon review of the PCR's order, there is no indication that the state court unreasonably applied the *Strickland* test in rejecting his claim. The PCR court found that even if the incorrect reference to prior convictions was removed from the affidavit, the remaining information presented to the judge would be sufficient to establish probable cause. (Dkt. No. 15-3 at 88). To support this determination, the PCR court pointed to specific evidence such as information from an informant regarding the Petitioner's location, a description of his automobile, his license plate number and that he was selling drugs. (Dkt. No. 15-3 at 87). Moreover, when the police officers tried to stop Petitioner for driving with suspended vehicle tags, he fled from the police. Evidence of flight is at least some evidence of guilt under South Carolina law. *See State v. Ballenger*, 322 S.C. 196 (1996). When Petitioner was arrested, a key to a hotel room was found during the search incident to the arrest of his person (an informant had indicated that Petitioner was coming from a

hotel) and Petitioner admitted to smoking marijuana. (Dkt. No. 15-3 at 87). The PCR court was therefore justified in denying Petitioner's claim for ineffective assistance of counsel for failure to object to the inclusion of false information in the search warrant because even without the contested statements there was sufficient evidence to support a finding of probable cause by the magistrate.

The PCR court determined that Petitioner's testimony was not credible and trial counsel's was. Petitioner has not shown that this credibility determination is without support. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). The PCR court also found that Petitioner could not satisfy the *Strickland* test because he failed to demonstrate that trial counsel was deficient or that he was prejudiced by any such deficiency. Petitioner has not provided evidence that the PCR court unreasonably applied established federal law or that the PCR court made unreasonable factual findings. *See Williams v. Taylor*, 529 U.S. 362, 410-11 (2000); 28 U.S.C. § 2254(d), (e)(1).

Moreover, the police conducted an independent investigation which confirmed that the hotel room key found on Petitioner at the time of his arrest did in fact go to the room that was the subject of the search warrant and the room was reserved under Petitioner's name. Additionally, Petitioner's assertion that trial counsel failed to object to the affidavit for not explicitly stating that Petitioner did not have drugs in his possession when he was arrested is dispensable because there was no information in the affidavit that would imply drugs were found on him when arrested. Petitioner appears to argue in his Objections that his counsel failed to effectively cross examine the magistrate during the suppression hearing in order to bring out that the magistrate actually thought

7

the Petitioner had drugs on him. (Dkt. No. 86 at 3-4). Petitioner cites *Strickland* in claiming that the "adversarial testing process" did not work due to his counsel's ineffectiveness. *Strickland*, 466 U.S. at 690. In *Strickland*, the Supreme Court states "[a]t the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Petitioner argues that "if [the] trial court had of known that the issuing Magistrate actually thought that crack was found the suppression hearing would have had a different outcome." (Dkt. No. 86 at 7). This Court agrees with the Magistrate Judge – the PCR court's determination is not undermined even though the magistrate does not recall anyone specifically telling him that no crack was found in the vehicle or on Petitioner's person. (Dkt. No. 15-1 at 20-21).

Petitioner has failed to demonstrate that the search warrant was issued erroneously. The magistrate is charged with making a determination that probable cause exists based on the totality of the circumstances and "to make a practical, common-sense decision whether, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v Gates*, 462 U.S. 213, 238-39 (1983). The affidavit to support a search warrant is presumptively valid, *Franks v. Delaware*, 438 U.S. 154, 171 (1978), however this presumption can rebutted if the claimant can show that the affiant gave statements that were (1) made knowingly and intentionally or with a reckless disregard for the truth; and (2) the false statements were necessary to establish probable cause. *Simmons v. Poe*, 47 F.3d 1370, 1383 (4th Cir. 1995). Here, the PCR court found that even without the allegedly false information contained in the affidavit there was sufficient probable cause to support the magistrate's issuance of the search warrant. Also, Petitioner has not provided evidence that the PCR court's determination was an unreasonable misapplication of

clearly established federal law. *See Gates*, 462 U.S. at 238 (adopting the "totality of the circumstances" test to determine if a warrant is supported by probable cause.). Based on a review of the record, this Court finds that Petitioner cannot demonstrate that the PCR court unreasonably misapplied the federal law or made objectively unreasonable factual findings. This Court therefore finds that Petitioner is not entitled to habeas relief.

## CONCLUSION

Based on the above authority, the Court adopts the Magistrate's Report and Recommendation. Thus, this Court grants the Respondent's motion for summary judgment (Dkt. No. 57) and denies Petitioner's motions for summary judgment (Dkt. Nos. 66, 70, &71).

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

September 28, 2011
Charleston, South Carolina

10